**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THE P&G HEALTH & LONGTERM DISABILITY PLAN f/k/a THE PROCTER & GAMBLE DISABILITY BENEFIT PLANS, | : : : : : | Case No. 1:19-cv-669 Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| CARRIE ESPINOZA | : : | |
| Defendant. | : | |

**ORDER RESOLVING PLAINTIFF'S**
**APPLICATION FOR DEFAULT JUDGMENT (Doc. 6)**

This case is before the Court on Plaintiff The P&G Health & Longterm Disability Plan f/k/a The Procter & Gamble Disability Benefit Plans's ("Plaintiff") application for default judgment against Defendant Carrie Espinoza ("Defendant") under Federal Rule of Civil Procedure 55(b)(1) (the "Application for Default Judgment"). (Doc. 6). Defendant has not filed a response in opposition.

A party may seek a default judgment under Rule 55(b)(1) after the Clerk has issued an entry of default under Rule 55(a). Fed. R. Civ. P. 55(a)–(b)(1). A default judgment is appropriately granted under Rule 55(b)(1) when the plaintiff's claim is for a sum certain and the defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1). In connection with a Rule 55(b)(1) application for default judgment, the plaintiff must submit an appropriate affidavit showing the amount due. *Id.*

Here, the Clerk properly issued an entry of default under Rule 55(a) on December 16, 2019. (Doc. 5 at 1). Plaintiff's claims indisputably seek a sum certain of $9,340.00 (plus costs/interest). (Doc. 1 at 6–7). And Plaintiff's counsel has submitted an affidavit attesting that Defendant is "neither a minor nor an incompetent person." (Doc. 6-1 at 1). However, Plaintiff's counsel has not supplied the Court with an affidavit showing the sum certain Defendant owes Plaintiff (*i.e.*, the amount due) in sufficient detail.

Indeed, the affidavit submitted by Plaintiff's counsel does not set forth the evidentiary basis for Plaintiff's damages claim. (*Id.*) Instead, the affidavit submitted by Plaintiff's counsel merely contains the following conclusory assertion as to amount due. (*Id.*) "The amount due as set forth in the complaint is $9,340.00, plus costs of $429.08, for a total of $9,769.08." (*Id.*) This is not sufficient. *Accord United States v. Owens*, No. 2:13-CV-2984, 2017 WL 1058391, at *6 (W.D. Tenn. Mar. 20, 2017).

Based upon the foregoing, the Court concludes that, while Plaintiff has established that it is entitled to a default judgment against Defendant, Plaintiff must submit additional information as to the sum certain Defendant owes Plaintiff.

Accordingly:

1. Within 21 days of this Order, Plaintiff **SHALL** provide the Court with another affidavit showing the sum certain Defendant owes Plaintiff in sufficient detail; and

2. Upon receipt of an appropriate and adequate affidavit, the Court will thereafter **DIRECT** the Clerk to enter default judgment in favor of Plaintiff and against Defendant in the sum certain properly evidenced.

**IT IS SO ORDERED.**

Date: 9/15/2020

_Timothy S. Black_
Timothy S. Black
United States District Judge